**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dementre Holmes,<br><br>           Plaintiff,<br><br>vs.<br><br>City of Flagstaff, et al.,<br><br>           Defendant. | No. CV09-8156 PCT-DGC<br><br>**ORDER** |

Defendants Coconino County Attorney's Office ("the Attorney's Office") and Legal Defender's Office have filed a motion to dismiss which is fully briefed. Dkt. ##5, 22, 32. Defendant CPS of Flagstaff ("CPS") has filed a motion to dismiss which is fully briefed. Dkt. ##6, 22, 31. Defendant Guidance Center has filed a motion to dismiss (Dkt. #7) and a motion for summary disposition of the motion to dismiss (Dkt. #12). The motion to dismiss is fully briefed. Dkt. ##22, 36. Defendants City of Flagstaff ("the City") and the City of Flagstaff Police Department ("the Police Department") have filed a motion to dismiss which is fully briefed. Dkt. ##8, 22, 34. Defendant Flagstaff Unified School District ("the District") has filed a motion to dismiss and for summary judgment (Dkt. #10) which is fully briefed (Dkt. ##22, 30, 37), a motion for summary ruling on the motion to dismiss (Dkt. #23), and an additional motion for summary judgment (Dkt. #27) which is fully briefed (Dkt. ##40, 42). The District has also joined in Guidance Center's motion for summary disposition, requesting summary ruling on its motion to dismiss (Dkt. #25).

Defendant Northern Arizona Healthcare ("NAH") has filed a motion to dismiss which is fully briefed.[1] Dkt. ##21, 38, 33.

For reasons that follow, the Court will grant the Attorney's Office and Legal Defender's Office's motion to dismiss (Dkt. #5), grant CPS's motion to dismiss with prejudice (Dkt. #6), grant the Guidance Center's motion to dismiss (Dkt. #7), deny the Guidance Center's motion for summary disposition (Dkt. #12), grant the City and the Police Department's motion to dismiss (Dkt. #8), grant in part and deny in part the District's motion to dismiss and separate motion for summary judgment (Dkt. #10), deny the District's motion for summary ruling (Dkt. #23), deny the District's joinder motion for summary disposition (Dkt. #25), deny the District's motion for summary judgment (Dkt. #27), and grant NAH's motion to dismiss (Dkt. #21).[2]

**I. Background.**

On October 31, 2007, Plaintiff's son, Donyea Holmes, a nine year old student at Sechrist Elementary School, told his friend that he had serious injuries on his back. Dkt. #22 at 18.[3] His friend insisted that Donyea tell their teacher, Ms. Cribbs, about the injuries. *Id.* Donyea, although hesitant to show his injuries to the teacher, finally lifted his shirt. *Id.* Ms. Cribbs saw multiple scars on Donyea's back, and Donyea told her that "he was beaten with a belt by his father over the weekend." *Id.* Ms. Cribbs reported this to Dee Becker, the Sechrist Elementary School counselor, who reported the information to the Police Department. *Id.* at 17-18. A Police Department officer went to the school to investigate,

---

[1] NAH's motion to dismiss also states that it is a motion for summary judgment. The Court cannot find, however, arguments pertaining to summary judgment in the motion. As a result, the Court will construe the motion as one for dismissal only. Dkt. #21.

[2] The District's request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[3] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

talked with Donyea, took photographs of Donyea's injuries, and took Donyea to a safe child center. *Id.* at 18. The Police Department then arrested Plaintiff for child abuse while he was at work in the Flagstaff Mall. *Id.* at 19.

On September 14, 2009, Plaintiff Dementre Holmes filed suit in this Court against the City, the Police Department, the District, CPS, the Guidance Center, the Attorney's Office, the Legal Defender's Office, and NAH for: (1) violation of 42 U.S.C. § 1983 (due process and equal protection clauses), (2) violation of 42 U.S.C. § 1985 (conspiracy), (3) common law conspiracy, (4) negligent infliction of emotional distress, (5) intentional infliction of emotional distress, (6) "search and seizure of children," (7) "the removal of the children," (8) slander and defamation of character, and (9) unlawful arrest. Dkt. #1 at 2. Plaintiff seeks damages of $77,700,000.00. *Id.*

## II. Rule 12(b)(6) Motions.

Each Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has failed to state a claim on which relief can be granted. *See* Dkt. #5 at 4 (Attorney's Office and Legal Defender's Office); Dkt. #6 at 1-2 (CPS); Dkt. #7 at 1-7 (Guidance Center); Dkt. #8 at 1-5 (the City and the Police Department); Dkt. #10 at 3-5 (the District); Dkt. #21 at 2-5 (NAH). Because all parties have made the same general arguments regarding dismissal under Rule 12(b)(6), the Court will consider these motions together.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this case, Plaintiff's complaint is two pages long. Dkt. #1. Plaintiff's only attempt at stating a claim is that this "action arises out of defendants [sic] while conducting and [sic]

investigation of alleged child abuse during the investigation the defendants violated the parental rights of the plaintiffs." Dkt. #1 at 2. Plaintiff lists a number of causes of action, but provides no factual details of the grounds upon which his claims rest. Defendants correctly state that the complaint fails to give Defendants fair notice of what the claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. In his responses to the motions to dismiss, Plaintiff does not explain how he states a claim, nor does he explain why dismissal is improper under Rule 12(b)(6). As a result, the Court will dismiss the claims against all Defendants without prejudice under Rule 12(b)(6).

**III. The Other Claims and Motions.**

Two of the parties – the Guidance Center[4] and NAH[5] – moved for dismissal only under Rule 12(b)(6). Dkt. #7; Dkt. #21. The Court has granted their motions and will not address them further. The other Defendants made additional arguments and in some cases filed additional motions. The Court will consider these arguments and motions in turn.

**A.  The Attorney's Office and Legal Defender's Office.**

The Attorney's Office and Legal Defender's Office argue that dismissal of Plaintiff's 42 U.S.C. § 1983 claim against them is warranted because "[s]ection 1983 only provides a remedy against a person acting under color of state law," and they are not persons. Dkt. #5 at 2 (quoting *Ibrahim v. D.H.S.*, 538 F.3d 1250, 1257 (9th Cir. 2008)). Although municipalities and local governments are "persons" under § 1983, these Defendants contend that entities created by municipalities and local governments, like the Attorney's Office and the Legal Defender's Office, are not subject to suit unless they are separate legal entities. *Id.* (citing *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995) (stating that an intergovernmental

---

[4] Guidance Center also filed a motion for summary ruling, which the Court will deny as moot because it has granted the underlying motion to dismiss. *See* Dkt. #12. The District joined that motion (Dkt. #25), and the Court will deny the District's motion because the Court already ruled that Plaintiff's "statement" (Dkt. #22) was a valid response to the District's motion to dismiss. *See* Dkt. #35 at 1.

[5] In his response to NAH's motion to dismiss, Plaintiff states that he "urge[s] the Court to grant" the motion to dismiss. Dkt. #38. The Court will grant the motion for the reasons stated above and because Plaintiff asks the Court to grant it.

association is "only subject to suit if the parties that created [it] intended to create a separate legal entity"); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding that a municipal department is not a "person" for purposes of § 1983 where it is the agent of a county; instead, the county is the proper "person" to be sued)). Plaintiff does not address this argument and, as a result, the Court will dismiss the § 1983 claims against these Defendants with prejudice.

**B. CPS.**

CPS argues that it is a non-jural entity. Dkt. #6. CPS contends that it is a state agency that does not have power to sue or be sued. *See Cox v. Pima County Law Enforcement Merit Improvement Council*, 556 P.2d 342, 343 (Ariz. App. 1976). "The rule in Arizona is that . . . [t]he powers and duties of an administrative agency are to be measured by the statute creating them." *Id*. CPS argues that the statutes creating it, A.R.S. § 8-801 et seq, do not give it the power to sue or be sued. *Id.* CPS contends that Arizona law prohibits lawsuits against state agencies that lack the authority to sue or be sued. *See, e.g., Kimball v. Shofstall*, 494 P.2d 1357, 1359 (Ariz. App. 1972); *Yamamoto v. Santa Cruz County Bd. Of Supervisors*, 606 P.2d 28, 29 (Ariz. App. 1979) (stating that a court has no jurisdiction unless the party before it is legally capable of being sued). Defendant does not address these arguments. As a result, all claims against CPS will be dismissed with prejudice.[6]

**C. The City and the Police Department.**

The Police Department argues that it is not a "person" for purposes of § 1983. *Ibrahim*, 538 F.3d at 1257. The Court agrees that the Police Department is a non-jural entity because it is merely a subpart of the city and is not a separate entity for purposes of litigation. *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 885-86 (D. Ariz. 2008). As a result, all claims against the Police Department, including the 42 U.S.C. § 1983 claims and the state law claims, must be dismissed with prejudice. *See id.*

---

[6] CPS further argues that it is immune from suit under 42 U.S.C. § 1983. Because CPS cannot sue or be sued, however, the Court need not consider this argument.

- 5 -

### D. The District.

The District has filed a motion to dismiss and separate motion for summary judgment (Dkt. #10) and an additional motion for summary judgment (Dkt. #27).[7] The District argues that it is entitled to qualified immunity because "Arizona law affords qualified immunity from *any* civil liability to school personnel who report suspected child abuse," and, in this case, the "only allegation raised in the Complaint is that this action arises from a report and investigation of child abuse." Dkt. #10 at 6 (emphasis in original). The authority cited by the District, however, states that individual persons are immune – not a school district. *See* A.R.S. § 13-3620(J) ("A person . . . is immune[.]"); A.R.S. § 13-3620(A) (defining a "person" as a "physician," "peace officer," "parent," "school personnel," or "other person who has responsibility for the care or treatment of the minor"); *L.A.R. v. Ludwig*, 821 P.2d 291, 295 (Ariz. App. 1991) ("Any person making a complaint . . . shall be immune[.]") (quoting A.R.S. § 8-546.04(A)). The Court cannot dismiss the claims against the District on the ground of qualified immunity.

The District also argues that all state law claims must be dismissed because Plaintiff failed to comply with Arizona's notice of claim statute. Under A.R.S. § 12-821.01, a person with a claim against a state public entity must file his claim within 180 days after the cause of action accrues, and any claim not filed within this time period is barred. Because a school district is a state public entity, this statute applies to state law claims against it. *See* A.R.S. § 15-101(21); *see also Malone v. Dysart Unified School Dist. No. 89*, CA-CV 08-0518, 2009 WL 1138044, *2 (Ariz. App. 2009). Plaintiff does not contend that he filed a notice of claim. As a result, all state law claims against the District are dismissed with prejudice. *See Mulleneaux v. State of Ariz.*, 950 P.2d 1156, 1161 (Ariz. App. 1997).

The District has also filed a motion for summary judgment (Dkt. #27) in which it argues that summary judgment is proper because, on December 11, 2009, it served Plaintiff

---

[7] The District also filed a motion for summary ruling (Dkt. #23) on the ground that Plaintiff failed to respond to its motion to dismiss. The Court already ruled that Plaintiff's "statement" (Dkt. #22) was a valid response to the District's motion to dismiss. *See* Dkt. #35 at 1. The Court will deny the motion for summary ruling.

with Requests for Admission to which he failed to respond in a timely manner. The District argues that the Requests are deemed admitted and entitle the District to judgment as a matter of law. Dkt. # 27 at 2; *see* Fed. R. Civ. P. 36(a)(3).

A Request for Admission is discovery. *See* Fed. R. Civ. P. 36. Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The District has failed to show that the parties have conferred under Rule 26(f). Because the Requests for Admission violated Rule 26(d)(1), Plaintiff was not obligated to respond to them and his failure cannot form the basis for summary judgment. The District shall not conduct further discovery until a Rule 26(f) conference has been held.

**IV. Guidance to Plaintiff.**

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation marks and citations omitted). In this case, it is not absolutely clear that Plaintiff will be unable to cure the deficiencies in his complaint by amendment. As a result, the Court will grant Plaintiff leave to file an amended complaint by no later than **April 9, 2010**. The amended complaint may not reassert claims that have been dismissed with prejudice in this order.

Plaintiff must become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet

website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim *showing* that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) (emphasis added). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To survive dismissal under Rule 12(b)(6), the amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 at 570. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff is warned that if he fails to file an amended complaint by the **April 9, 2010** deadline, the original complaint may be stricken and the case dismissed. *See* Fed. R. Civ. P. 12(e). Plaintiff is further warned that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Per this order, CPS and the Police Department may not be named as Defendants in Plaintiff's amended complaint, as they are non-jural entities. Moreover, Plaintiff, per this order, may not bring a 42 U.S.C. § 1983 claim against the Attorney's Office or the Legal Defender's Office, and may not bring any state law claims against the District (i.e., common law conspiracy, negligent infliction of emotional distress, intentional infliction of emotional

distress, "search and seizure of children," "the removal of the children," slander and defamation of character, and "unlawful arrest"). Dkt. #1 at 2.

**IT IS ORDERED:**

1. The Attorney's Office and Legal Defender's Office's motion to dismiss (Dkt. #5) is **granted**. The § 1983 claims against them are **dismissed with prejudice**.
2. CPS's motion to dismiss (Dkt. #6) is **granted with prejudice**.
3. Guidance Center's motion to dismiss (Dkt. #7) is **granted**.
4. Guidance Center's motion for summary disposition (Dkt. #12), joined by Flagstaff Unified School District (Dkt. #25), is **denied**.
5. The City and the Police Department's motion to dismiss (Dkt. #8) is **granted**. The claims against the Police Department are **dismissed with prejudice**.
6. The District's motion to dismiss and for summary judgment (Dkt. #10) is **granted in part**. The state law claims are **dismissed with prejudice**.
7. The District's motion for summary ruling (Dkt. #23) is **denied**.
8. The District's motion for summary judgment (Dkt. #27) is **denied**.
9. NAH's motion to dismiss (Dkt. #21) is **granted**.
10. Plaintiff may file a first amended complaint on or before **April 9, 2010**.

DATED this 17th day of March, 2010.

_____
David G. Campbell
United States District Judge