**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dementre Holmes, ) | No. CV09-8156 PCT-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| City of Flagstaff, et al., ) | |
| Defendant. ) | |

Defendant Flagstaff Unified School District has filed a motion for summary judgment on all of Plaintiff Dementre Holmes' claims. Doc. 49. The motion is fully briefed. Doc. 57, 58. On July 2, 2010, the Court determined that the motion was premature and asked the District to elect whether the motion should be denied as premature or treated as a motion to dismiss under Rule 12(b)(6). Doc. 65. The District elected treatment as a motion to dismiss. Doc. 66. For reasons that follow, the Court will grant the District's motion to dismiss. Doc. 49.

**I.    Background.**

On October 31, 2007, Plaintiff's son, D.H., a nine year old student at Sechrist Elementary School, told his friend that he had serious injuries on his back. Doc. 22 at 18. His friend insisted that D.H. tell their teacher, Ms. Cribbs, about the injuries. *Id.* D.H., although hesitant to show his injuries to the teacher, finally lifted his shirt. *Id.* Ms. Cribbs saw multiple scars on D.H.'s back, and D.H. told her that "he was beaten with a belt by his father over the weekend." *Id.* Ms. Cribbs reported this to Dee Becker, the Sechrist Elementary School counselor, who reported the information to the Police Department. *Id.*

at 17-18. A Police Department officer went to the school to investigate, talked with D.H., took photographs of D.H.'s injuries, and took D.H. to a safe child center. *Id.* at 18. The Police Department then arrested Plaintiff for child abuse while he was at work in the Flagstaff Mall. *Id.* at 19.

On September 14, 2009, Plaintiff Dementre Holmes filed suit in this Court against the District and others, asserting multiple causes of action. Doc. 1. The Court dismissed Plaintiff's complaint on March 17, 2010 and granted Plaintiff leave to amend. Doc. 43. On April 9, 2010, Plaintiff filed an amended complaint, in which he brings an action pursuant to 42 U.S.C. § 1983. Doc. 44 at 2. Plaintiff seeks damages of $77,700,000.00, as well as punitive damages. *Id.*

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

The District makes three primary arguments for dismissal of Plaintiff's claims: (1) Plaintiff has failed to state a claim under § 1983 because he has made no allegations that *his* constitutional rights were violated, (2) Plaintiff cannot bring a § 1983 claim on behalf of his minor child, and (3) Plaintiff has failed to allege that District policy is responsible for any alleged deprivation of rights. Doc. 49.

The District first argues that Plaintiff must allege that his own constitutional rights were violated. Doc. 49 at 5 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1185-86 (9th Cir. 2002)). The District notes that all Plaintiff's claims stem from the questioning of D.H. regarding possible child abuse, and argues that such claims belong to D.H., not Plaintiff. Doc. 49 at 5. Plaintiff contends that "parents have the constitutional right to exercise their childern's [sic] and their 4th and 5th Amendments [sic] protections." Doc. 57 at 7. In support, Plaintiff cites *Doe v. Heck*, 327 F.3d 492 (7th Cir. 2003).

In *Heck*, caseworkers for the Bureau of Milwaukee Child Welfare investigated child abuse that allegedly was occurring at the Greendale Baptist Church and Academy, a private school that used corporal punishment as a form of discipline in the classroom. During the investigation, the caseworkers removed a child, John Doe Jr., from the classroom over the objection of the school's principal and without parental notification or consent, for the purposes of questioning him. The Bureau eventually ended the investigation, and the school and parents filed suit against the caseworkers "alleging that the defendants: (1) conducted an unreasonable search of Greendale's premises in violation of the Fourth Amendment; (2) illegally seized John Jr. in violation of the Fourth Amendment; (3) violated all of the plaintiffs' rights to familial relations under the Fourteenth Amendment; and (4) violated all of the plaintiffs' rights to procedural due process under the Fourteenth Amendment." *Id.* at 508.

The Seventh Circuit found that the actions of the caseworkers could constitute an actionable § 1983 claim for an unlawful search and seizure under the Fourth Amendment on the part of John Jr. and the school because the caseworkers seized John Jr. when they interviewed him and because they searched the premises of the school. *Id.* at 509-10. The Seventh Circuit noted that "Greendale and John Doe Jr. had a reasonable expectation of privacy in and within the school's premises," and that the caseworkers' "warrantless search of the school and seizure of the child [were] presumptively unreasonable[.]" *Id.* at 513.

The Seventh Circuit also found that the parents of John Doe Jr. had a valid Fourteenth Amendment claim for violations of familial relations. The Seventh Circuit noted that there

1 is a liberty interest in familial privacy that is limited by "compelling governmental interest
2 in the protection of children." *Id.* The court also noted that if there is not "some definite and
3 articulable evidence giving rise to a reasonable suspicion that a child had been abused or was
4 in imminent danger of abuse," then neither the state nor its officials "have any interest
5 whatsoever in protecting children from their parents[.]" *Id.* at 521 (internal quotations and
6 citations omitted). The court ultimately determined that "because the defendants had no
7 evidence giving rise to a reasonable suspicion that the plaintiff parents were abusing their
8 children, or that they were complicit in any such abuse, the defendants violated the plaintiffs'
9 right to familial relations by conducting a custodial interview of John Doe Jr. without
10 notifying or obtaining the consent of his parents and by targeting the plaintiff parents as child
11 abusers." *Id.* at 524.

The Seventh Circuit also determined that the plaintiffs had a Fourteenth Amendment due process claim because the caseworkers failed to obtain a warrant before searching the school and seizing John Jr., because they interrogated John Jr. without obtaining his parents' consent, and because they investigated the parents for child abuse without evidence giving rise to a reasonable suspicion of child abuse. *Id.* at 527.

Contrary to Plaintiff's argument, *Heck* does not stand for the unqualified proposition that "parents have the constitutional right to exercise their childern's [sic] and their 4th and 5th Amendments [sic] protections." Doc. 57 at 7. The only Fourth Amendment claims in *Heck* were brought by John Doe Jr. himself (for unlawful seizure) and by the school (for unlawful search). 327 F.3d at 509. The parents did not assert Fourth Amendment claims, nor could they have given that they were not unlawfully searched or seized. The claims alleged by the parents were their own personal claims based on a violation of their right to familial relations. The claims were based on the caseworkers' interview of John Doe Jr. without the parents' consent. *Id.*

Plaintiff's complaint does not make clear what claims he intended to bring under § 1983. Doc. 44. His extensive reliance on *Heck* in both his complaint and his response leads the Court to believe that he intended to bring the same § 1983 claims that were brought

by the plaintiffs in *Heck* – (1) a Fourth Amendment claim alleging an unlawful search and seizure of D.H., (2) a Fourteenth Amendment claim for unlawful interference with familial relations, and (3) a Fourteenth Amendment due process claim. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted). Given this, the Court cannot agree with the District that Plaintiff has failed to allege that "his constitutional rights were violated." Doc. 49 at 5. Indeed, Plaintiff appears to be alleging that the District violated his own "liberty interest in familial relations, which includes the right to establish a home and bring up children and to control the education of their own." *Heck*, 327 F.3d at 517; *see Greene v. Camreta*, 588 F.3d 1101, 1033-34 (9th Cir. 2009).

The District correctly argues, however, that it is entitled to dismissal of any alleged Fourth Amendment violation. Plaintiff cannot bring a Fourth Amendment claim on behalf of his minor child, and Plaintiff does not allege that he personally was searched or seized. Doc. 44 at 1. Any search and seizure claim under the Fourth Amendment would belong to D.H., and federal courts have held that a parent cannot bring a *pro se* lawsuit on behalf of a minor child. *See Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). This finding is consistent with *Heck*, in which a lawyer represented John Doe Jr. in prosecuting his Fourth Amendment claim. 327 F.3d at 492. The Court will dismiss Plaintiff's Fourth Amendment claim.

This leaves two remaining claims against the District: a Fourteenth Amendment claim for unlawful interference with familial relations and a Fourteenth Amendment due process claim. The District argues that it is entitled to dismissal of both claims (and any other possible claims) because Plaintiff has not alleged that the District acted pursuant to an official policy.

For Plaintiff to state a § 1983 cause of action against the District, he must show a policy, practice, or custom of the District which permitted the alleged constitutional violation to occur. *See Christie v. Iopa*, 176 F.3d 1231, 1234 (9th Cir. 1999). Plaintiff has alleged no

such policy in his complaint. As a result, the Court must dismiss any Fourteenth Amendment claim for unlawful interference with familial relations.

To state a Fourteenth Amendment due process claim, Plaintiff must allege that (1) the District deprived him of a constitutionally protected liberty or property interest, and (2) the deprivation occurred without due process of law. *Heck*, 327 F.3d at 526 (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). As discussed above, Plaintiff has failed adequately to allege that the District deprived him of a constitutionally protected right, as both of his alleged constitutional claims fail. As a result, his due process claim must also fail.

**IT IS ORDERED** that the District's motion to dismiss (Doc. 49) is **granted**.

DATED this 21st day of July, 2010.

_____
David G. Campbell
United States District Judge