**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dementre Holmes,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Guidance Center,<br><br>　　　　　Defendant. | No. CV 09-8156-PCT-DGC<br><br>**ORDER** |

On January 14, 2011, Defendant Guidance Center – the sole remaining defendant in this case – filed a motion for summary judgment. Doc. 72. *Pro se* Plaintiff has filed no response, and the time for doing so has expired. *See* LRCiv. 56.1(d); Fed. R. Civ. P. 6(d). On March 3, 2011, the Court ordered Plaintiff to file a response by March 25, 2011, and warned Plaintiff that non-compliance could result in granting the motion. Doc. 75. Plaintiff has not complied.[1]

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party*.

---

[1] Pursuant to Local Rule of Civil Procedure 7.2(i), "such non-compliance may be deemed a consent to the . . . granting of the motion."

Fed. R. Civ. P. 56(e) (emphasis added); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (holding that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

In the absence of Plaintiff's opposition, Defendant's argument that it is not a state actor and therefore not liable under § 1983 is persuasive.[2] The Court will grant Defendant's motion for summary judgment because the undisputed evidence offered in support of the motion "show that there is no genuine issue as to any material fact and that [Defendant is] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex*, 477 U.S. at 322-23.

In the alternative, the Court will dismiss Plaintiff's claims against Defendant for failure to comply with the Court's order and for lack of prosecution. The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

---

[2] The Court need not address Defendant's other arguments.

Considering this five-factor test, the Court concludes that dismissal is an appropriate sanction in this case. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendant will be subject to prejudice if a sanction of dismissal is not imposed. Defendant is unable to move forward with its defense of this case when Plaintiff refuses to respond to its motion and the Court's order. Finally, the Court has considered less drastic sanctions, but none is apparent. Plaintiff has not responded to the motion for summary judgment and has refused to comply with the Court's order. The Court specifically warned Plaintiff that dismissal could result from further inaction. The Court concludes that the appropriate resolution of this problem is to dismiss Plaintiff's case.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment (Doc. 72) is **granted**.
2. The Clerk shall and terminate this action.

Dated this 15th day of April, 2011.

_____
David G. Campbell
United States District Judge